IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE ANN WOLSKI,

      Plaintiff,

v.                                    Civ. No. 08-0390 WJ/ACT

JOY JUNCTION,

      Defendant.

MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff Joyce Ann Wolski's application to

proceed *in forma pauperis* ("IFP"), filed April 15, 2008, *see* Doc. 2, and on the Court's concomitant

obligation "to review the affidavit and screen [her] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister*

*v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty

is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a

claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune

from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must

show a financial inability to pay the required filing fees, as well as the existence of a reasoned,

nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408

F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim

on which relief may be granted by applying the same standards used in resolving motions to dismiss

for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214,

1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly
> support a legal claim for relief.   Rather than adjudging whether a claim is
> 'improbable,' factual allegations in a complaint must be enough to raise a right to
> relief above the speculative level.  In addition, [the Court] must construe a pro se []
> complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

But a complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a

nonexistent legal interest or delusional factual scenario.  *See Neitzke v. Williams*, 490 U.S. 319,

329-30 (1989).  Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless

cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly

likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to

screen their potential claims."  *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based
> on an indisputably meritless legal theory, but also the unusual power to pierce the veil
> of the complaint's factual allegations and dismiss those claims whose factual
> contentions are clearly baseless. . . . Examples of the latter class are claims describing
> fantastic or delusional scenarios, claims with which federal district judges are all too
> familiar.

*Neitzke*, 490 U.S. at 327-28.  "[A] finding of factual frivolousness is appropriate when the facts

alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court has carefully reviewed the application and the complaint.  The Court first notes that

Wolski has not alleged facts showing that she is indigent – she reports an income of over

$1000/month, no housing costs, and monthly bills or indebtedness of only $96/month.  *See* Doc. 2

at 2-3.  More critically, however, certain of Wolski's allegations in her complaint are patently

delusional and they do not state a federal claim upon which relief may be granted.  Wolski states that

she and Joy Junction are citizens of New Mexico. *See* Doc. 1 at 1.  She claims that "accusations are being made about my mental health," that she has "been accused of wrongdoing" by directors, supervisors, and residents of Joy Junction's homeless shelter, and that these individuals have indirectly stated that they can "treat me any way they want to because AZ Senator McCain has followed me to New Mexico, stating that I am in his custody from afar and he can do anything he wants to me and around me.  Therefore being treated without dignity and respect."  Doc. 1 at 2.  The Court concludes that some of these allegations are delusional and that the remaining allegations do not state a cognizable federal claim for relief.  Wolski has not alleged sufficient facts to state a claim that invokes federal jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and the Court must dismiss her complaint.

   **IT IS ORDERED** that Wolski's application to proceed IFP (Doc. 2) is DENIED;

   **IT IS FURTHER ORDERED** that her complaint is DISMISSED.

   _____

   UNITED STATES DISTRICT JUDGE